
**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAE GREEN,           )<br>                                              )<br>            Plaintiff,            )<br>                                              )<br>     vs.                              )<br>                                              )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,                )<br>                                              )<br>            Defendant.          )<br>_____) | CASE NO. ED CV 09-01507 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    The Administrative Law Judge found that, despite her severe impairments of a back disorder, obesity, migraines and asthma [AR 10], Plaintiff Elizabeth Mae Green could perform her past relevant work as the director of a vocational dental assistant school and as a dental assistant, and therefore was not disabled. [AR 17] Plaintiff challenges this conclusion based on several asserted errors.

    The first of these is that the Administrative Law Judge did not address the fact that Plaintiff's treating physician had prescribed a wheelchair. The need to use a wheelchair might well impact on the determination that Plaintiff could perform her past relevant work, but the need to use a wheelchair was not part of the hypothetical question posed to the vocational expert, whose testimony formed the evidentiary basis for the Administrative Law Judge's conclusion. Hence, this issue is of importance to the overall resolution of the case. *See, e.g. Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the

1 record does not support the assumptions in the hypothetical, the vocational expert's opinion
2 has no evidentiary value.")
3      In this Court, the Commissioner states that "The ALJ properly found that
4 Plaintiff did not need a wheelchair and had the residual functional capacity (RFC) for a
5 limited range of medium work . . . ." (Defendant's Memorandum in Support of Answer
6 at 2:9-10, citing AR 11.) While the Administrative Law Judge did find that Plaintiff could
7 perform a range of medium work, he stated nothing explicitly in this part of his decision
8 about a wheelchair. At most, one could infer that he concluded that a wheelchair was not
9 needed because he found that Plaintiff could stand and walk for 6 hours out of an 8-hour
10 work day. [AR 11]
11      The problem is, however, that the record contained explicit prescriptions for
12 a wheelchair, written by Plaintiff's treating physician Thomas Hubbard in January 2007
13 and February 2008. [AR 378, AR 380] And, while the medical expert initially stated that
14 he saw no objective basis for use of a wheelchair [AR 29 (hearing on November 14, 2007)
15 ("I could not find that prescribed")], his testimony changed once records were produced
16 at a supplemental hearing, records that contained the prescriptions for a wheelchair:

18      A. . . . she uses a cane and had a wheelchair prescribed
19      and has had a number of falls because of her obesity.
20      Q. Well, so you think occasional balancing?
21      A. Yes.
22      Q. Okay, the further question then would be just based on
23      what you just raised at that point in time is there an actual
24      medical necessity for the cane or any other assistive devices?
25      Because obesity –
26      A. Well, with that amount of narcotic medication she will
27      have problems with balancing as well as have terrible

>constipation problems which the record shows as her side effects of medication.

[AR 4-5 (hearing on June 2, 2008).] The comments about balancing thus take place in the context of the prescription for a wheelchair. It is unrealistic to view the "balancing" comments as separate from the wheelchair need.

Furthermore, other portions of the decision make clear that the Administrative Law Judge did not address the wheelchair prescriptions. Thus, in discounting the third party's report that Plaintiff required either a wheelchair or cane, the Administrative Law Judge said "her statements are not supported by the clinical or diagnostic medical evidence, such as the need for a cane or wheelchair." [AR 17] Since the record contains the prescriptions for a wheelchair, this statement is not accurate.

The wheelchair was prescribed by Dr. Hubbard, Plaintiff's treating physician. Dr. Hubbard also rendered an opinion of Plaintiff's residual functional capacity, and the Administrative Law Judge gave that opinion little weight. [AR 16] However, that opinion was rendered in September 2006, and the Court cannot assume that the Administrative Law Judge would also find that the prescription of a wheelchair, made in both 2007 and 2008, was not warranted; even the medical expert did not say so, once he saw the prescription. Thus, the record is left in an unsatisfactory state, where the Administrative Law Judge has not accounted for the prescription of a wheelchair in his assessment of Plaintiff's status.

Based on comments at the hearings, it appears that both the medical expert and the Administrative Law Judge may have thought that Plaintiff was over-medicated. [AR 31-33] One is left with the sense, as expressed by the medical expert, that both thought that the medication was worse than the cure. But the Administrative Law Judge made no finding that any limitations derived from the medications; indeed, the Administrative Law Judge found that Plaintiff did not *have* disabling limitations. Thus, the concern about the extent of Plaintiff's pharmaceutical prescriptions cannot excuse the failure to assess the impact of the prescription of a wheelchair.

The Court finds no error with respect to the Administrative Law Judge's consideration of the Plaintiff's foot problems.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: June 30, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE